**Arturo CHERENA, Plaintiff,**

v.

**COORS BREWING COMPANY, et al., Defendants.**

**COORS BREWING COMPANY, Plaintiff,**

v.

**Arturo CHERENA, Defendant.**

**Civil Nos. 98–1653(CCC), 98–1703(HL).**

United States District Court, D. Puerto Rico.

Aug. 7, 1998.

Order Denying Reconsideration, Sept. 18, 1998.

---

Enrique Peral Soler, Muñoz, Boneta, Gonzalez, Arbona, Benitz, Peral, San Juan, PR, for Arturo Cherena.

Francisco A. Besosa, Axtmayer, Adsuar, Muñiz & Goyco, San Juan, PR, for Coors Brewing Co.

### OPINION AND ORDER

ARENAS, United States Magistrate Judge.

Arturo Cherena filed the first of these consolidated actions on June 8, 1998, seeking declaratory and injunctive relief against Coors Brewing Company and Adolph Coors Company attacking the validity of an "Inventions and Non–Disclosure Agreement" executed on August 12, 1993. Diversity jurisdiction is invoked. 28 U.S.C. § 1332 (Supp. 1998). Mr. Cherena was employed by Adolph Coors Company on July 30, 1993, as area manager involved in promotions, and resigned in early May, 1998, to accept the position of managing director for the Anheuser–Busch Companies in Puerto Rico, effective May 15, 1998. As a result of the August 12, 1993 agreement, Mr. Cherena has been

asked by Coors to resign his current employment with Anheuser–Busch.

Mr. Cherena argues that the non-competition clause of the agreement is unreasonable in that it does not identify the geographic locations in the United States and foreign markets where Coors participates and that practically speaking, the enforcement of the clause would prohibit Mr. Cherena's marketing of beer in the Americas. Because the geographic scope of the clause is unreasonable, plaintiff argues that the same is null and void. *See Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ——, 94 JTS 75. He argues further that the clause is null and void for lack of consideration, and for lack of consent.[1] Plaintiff Cherena thus seeks declaratory relief in relation to the nullity of the agreement and injunctive relief to allow him to continue working for Anheuser–Busch.

■ The defendants move to dismiss the complaint on June 18, 1998 (Docket No. 3) for lack of subject matter jurisdiction in that the requisite jurisdictional amount has not been met.[2] Plaintiff earned $93,000 a year when he left Coors. He had a company car, $1,500 in stock options, was entitled to a 25% performance bonus, and would be paid that salary for a year after leaving Coors under the agreement if he were not able to acquire comparable employment. If one considers plaintiff's testimony of July 31, 1998, that his current salary is $135,000, plus a bonus of $35,000, plus a performance bonus of $100,-000, plus $5,000 in stock options, plus a company car, plus 401K pension plan with a 50% contribution, the jurisdictional requirement is easily met. The motion to dismiss is therefore denied.

On June 19, 1998, Coors Brewing Company filed an amended complaint in a separate action against Arturo Cherena also seeking declaratory and injunctive relief in relation to the validity and enforcement of the agreement, as well as damages in the amount of $250,000.

Arturo Cherena moved for summary judgment on July 18, 1998, stressing that the agreement is null and void and that therefore he is entitled to judgment as a matter of law.

An evidentiary hearing was held in both cases and the parties were fully heard on the issues. I will address the threshold issue first.

## VALIDITY OF NON–COMPETITIVE AGREEMENT

■ Coors wishes to enforce the agreement which Mr. Cherena stresses is null and void, particularly in relation to a clause regarding the geographical scope of the agreement. The clause reads as follows:

3. I agree (a) not to enter into competition with Coors, (b) not to serve for any competitor of Coors in a capacity similar to any capacity in which I served Coors or that I have held with Coors and (c) not to solicit sales or sell products or services of the kind or nature with which I was involved during my employment with or services to Coors, in any United States or foreign market in which Coors participates, for a period of one year from the date of termination of my employment with Coors. I will not accept a job offer from a competitor of Coors unless and until I have obtained and provided to Coors written assurance from the competitor, confirmed by my own written reaffirmation of my obligations hereunder, either that (a) my capacity with such competitor shall not conflict my obligations under this Agreement, or (b) my obligations of confidentiality hereunder will be respected and maintained.[3]

The Supreme Court of the Commonwealth of Puerto Rico determined in *Arthur Young*

---

[1] The lack of consent stems from Mr. Cherena's assertion that he signed the document without reading it in the customary fashion new employees sign papers thrust at them upon employment. Nonetheless, this type of blindness is looked upon with jaundiced eye as explaining away potentially portentous conduct.

[2] Defined as the difference between what plaintiff earns at Anheuser–Busch and what he would be compensated with by Coors if he could not secure comparable employment due to the agreement.

[3] Joint Exhibit I, *Inventions and Nondisclosure Agreement*, ¶ 3.

that a covenant which failed to meet certain standards not only violates the contractual duty of good faith, "but also public policy, by excessively and unjustifiably restricting the employee's freedom of choice." *Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ——, 94 JTS 75, P.R. Offic. Trans. at 17–18. Mr. Cherena argues that since the covenant fails to identify the foreign markets and the geographic limitations of the same, it is null and void.

At the evidentiary hearing, Mr. Cherena portrayed himself as an expert in beer promotion in Puerto Rico but relatively ignorant of different beer promotion and distribution markets in the United States, and ignorant of foreign markets. He said that nobody explained the agreement to him and that he signed it without having read the same.

Eric Drummond, director of International Human Resources for Coors, testified that Mr. Cherena was considered "critical" to the company and that if the company lost him, it would be damaging. Mr. Cherena had more potential than anyone in the international division. His only weakness was that he needed greater business exposure, but the consensus is that Mr. Cherena was a rising star at Coors and excelled in potential and performance.

Eduardo Galíndez Matos, general manager for Coors, was supervised by Mr. Cherena and related Mr. Cherena's extraordinary knowledge of promotion/advertising/marketing in the Coor's Puerto Rico market.

It is clear from the relevant case law and statutes that parties in general are free to contract as they wish,[4] that an employment contract is a typical adhesion contract,[5] that any doubt in its interpretation should be construed in favor of the weaker party,[6] and that, in the case of a non-competition clause or contract, a company is barred from imposing restrictions that exceed the real need to protect the company from competition.[7] It is also clear that the controlling law is imbedded within the confines of *Arthur Young & Co.*

■ The Supreme Court of Puerto Rico has required that the contract specify the geographic limits of the prohibition. *Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ——, 94 JTS 75, P.R. Offic. Trans. at 16. The prohibited area must be strictly limited to that necessary to prevent an actual competition between employer and employee. *Id.* The geographic clause included in Mr. Cherena's contract is void precisely because it lacks specificity. To prohibit employment with competitors in the United States or foreign markets in which Coors participates is unnecessarily vague to welcome enforcement under the focus lens of the civil law.[8]

---

4. Article 1207, P.R. Civil Code, P.R. Laws Ann. tit. 31, § 3372 (1990); *Mercado Rivera v. Universidad Católica de Puerto Rico*, 143 D.P.R. 100, 97 JTS 106, at 1276.

5. *Santiago v. Kodak Caribbean, Ltd.*, 130 D.P.R. ——, 92 JTS 11, at 9165; *cf. Zequeira v. U.R.H.C.*, 83 P.R.R. 847, 850 (1961).

6. Article 3478, P.R. Civil Code, P.R. Laws Ann. tit. 31, § 3478 (1990); *see Casanova v. Puerto Rican--American Ins. Co.*, 106 D.P.R. 689, 697 (1978).

7. *Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ——, 94 JTS 75, P.R. Offic. Trans. at 15; *Basicomputer Corporation v. Scott*, 973 F.2d 507, 512 (6th Cir.1992) (citing *Raimonde v. Van Vlerah*, 42 Ohio St.2d 21, 325 N.E.2d 544, 547 (1975) (non-competition covenant is reasonable if it is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public.))

8. *Alston Studios, Inc. v. Lloyd v. Gress & Assoc.*, 492 F.2d 279, 283 (4th Cir.1974) (clause held unenforceable and void where it had no language limiting the restriction to specific areas of possible competition which resulted in a limitless geographic application); *Roto–Die Company, Inc. v. Lesser*, 899 F.Supp. 1515, 1521 (W.D.Va.1995) (covenant intending world-wide protection, did not limit geographic scope, held unenforceable absent evidence that employer needed worldwide protection); *Curtis 1000, Inc. v. Youngblade*, 878 F.Supp. 1224, 1261 (N.D.Iowa 1995) (citing *Pathology Consultants v. Gratton*, 343 N.W.2d 428, 434 (Iowa 1984) ("covenants not to compete are unreasonably restrictive unless they are tightly limited as to both time and area"); *Iowa Glass Depot, Inc. v. Jindrich*, 338 N.W.2d 376, 381 (Iowa 1983) ("Assessment of the reasonableness of non-competitive covenants generally requires us to examine both the time and area restrictions contained in the covenant.")); *Quaker City Engine Rebuilders, Inc. v. Toscano*, 369 Pa.Super. 573, 535 A.2d 1083, 1089 (1987) (geographic scope of the restrictive covenant greater than

Coors has made Mr. Cherena appear like a world-class operator but, the evidence reflects a success born of knowledge within the milieu which engendered him, which is not the whole Coors world but rather Puerto Rico and potentially, with more business exposure, the United States.

■ If the above clause were found to be valid within the *Arthur Young* rubric, however, the agreement would yet be invalid as applied to Mr. Cherena for lack of requisite consideration under the civil law. The Supreme Court of Puerto Rico has held that one of the essential conditions a non-competition covenant must meet is that "the employer shall offer a consideration in exchange for the employee signing ..." said contract.[9] Such a consideration in this jurisdiction must be forthcoming at the moment the agreement was entered into and not at the moment of discharge from employment.[10] Such consideration does not appear to have been given in this case.

As explained earlier, the Supreme Court of Puerto Rico has held that when a covenant not to compete does not meet the conditions in *Arthur Young*, "it would be deemed that not only do[es] ... [it] violate contractual good faith but also public policy, by excessively and unjustifiably restricting the employee's freedom of contract." *Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ———, 94 JTS 75, P.R. Offic. Trans. at 17–18. Since the non-competition covenant signed by Mr. Cherena does not meet the conditions of *Arthur Young* in that the scope of the geographic prohibition lacks specificity and in

that it did not offer adequate consideration, it must be declared void. *Id.*

Barring the per se fatality of the suspect clause, and the lack of consideration required by such a clause, as revealed by extrinsic facts, the covenant becomes enforceable, which arguably invites release only upon agreement of Coors, and the entering into a confidentiality agreement. However, since it is not enforceable, the Clerk is directed to enter judgment of dismissal in Civil No. 98–1703(HL). In Civil No. 98–1653(HL), the Clerk is directed to enter judgment declaring null and void the Inventions and Nondisclosure Agreement.[11]

SO ORDERED.

## *OPINION AND ORDER*

On August 24, 1998, Coors Brewing Company (CBC) filed a motion to alter or amend judgment seeking the reconsideration of this court's opinion and order of August 7, 1998, and the judgment entered as a consequence thereof on August 12, 1998. (Docket No.31.) Pursuant to Federal Rule of Civil Procedure 59(e), CBC has requested that this court vacate its judgments of August 12, 1998. Specifically it has requested that this court reconsider its denial of CBC's motion to dismiss in civil action No.98–1653 and its dismissal of civil action No. 98–1703.[1] On September 11, 1998, Mr. Cherena filed an opposition to CBC's motion to alter or amend judgment. (Docket No. 35.)

---

required for the protection of the person for whose benefit the restraint is imposed).

9. *Arthur Young & Co. v. Virgilio Vega III*, 136 D.P.R. ———, 94 JTS 75, P.R. Offic. Trans. at 17 ("Mere job tenure ... will not be admitted as a consideration of the non-competition agreement."); *Davies & Davies Agency, Inc. v. Davies*, 298 N.W.2d 127, 130 (Minn.1980) (adequacy of consideration for a non-competition contract or clause depends on the facts of the case).

10. The three factors which a contract requires are consent, object and cause or consideration. Article 1213, P.R. Civil Code, P.R. Laws Ann. tit. 31, § 3391 (1990); *Colegio Internacional SEK v. Escribá*, 135 D.P.R. ———, 94 JTS 46, at 11754; *Sanchez Rodriguez v. Lopez Jimenez*, 116 D.P.R. 172, 181 (1985). The non-competitive clause gave no contemporaneous consideration for the

agreement not to compete. *See* Article 1227, P.R. Civil Code, P.R. Laws Ann. tit. 31, § 3432 (1990) ("contracts without consideration or with an illicit one have no effect whatsoever").

11. The preclusive effect of declaratory judgment renders unnecessary an order directed to Coors to cease and desist from interfering with Mr. Cherena's present employment with Anheuser–Busch.

1. Defendant CBC had filed a motion to dismiss in civil action No. 98–1653 on June 18, 1998. (Docket No. 3.) CBC had requested the dismissal for lack of subject matter jurisdiction on the basis that Mr. Cherena's complaint allegedly failed to meet the required jurisdictional amount.

In civil case No.98–1653, Arturo Cherena requested the court to declare null and void the non-competition clause contained in the "Inventions and Non-disclosure Agreement" (the "Agreement") that he had signed on August 12, 1993. The Agreement also contained a provision which prohibits Mr. Cherena from disclosing confidential information to non-Coors personnel during and after his employment at CBC. Mr. Cherena requested that the court issue preliminary and permanent injunctions ordering CBC to cease and desist from interfering with plaintiff's employment with Anheuser–Busch.

In civil case No. 98–1703, CBC requested injunctive and declaratory-relief for Mr. Cherena's alleged violation of the Agreement's non-competition and confidentiality clauses. CBC also seeks damages arising from Mr. Cherena's alleged violation of the Agreement. Mr. Cherena filed a motion for summary judgment alleging judgment as a matter of law should be entered declaring null and void the non-competition clause upon which CBC's complaint was based and dismissing the case. (Docket No. 10.) On August 4, 1998, CBC opposed plaintiffs motion for summary judgment and filed a motion for preliminary injunction. (Docket No. 27.)

On July 31, 1998, this court held a preliminary injunction hearing. CBC has requested a preliminary injunction order "prohibiting Mr. Cherena from working with any ABI-related company or any other competitor of CBC during the pendency of this suit."[2] In its opinion and order, this court found that the non-competition clause contained in the Agreement was null and void because the scope of its geographic prohibition lacked specificity and because it did not offer adequate consideration. (Opinion and Order, August 7, 1998, at 8–9.) This court denied CBC's request for a preliminary injunction and ordered dismissal of the complaint filed by CBC. (Civil action No.98–1703). In addition, regarding civil action No.98–1653, this court held that Mr. Cherena met the requisite jurisdictional amount and denied CBC's

motion to dismiss civil action for lack of subject matter jurisdiction.

A. *Jurisdictional Amount in Civil No.98–1653*

CBC has requested that this court vacate its decision denying the motion to dismiss for lack of subject matter jurisdiction in civil action No.98–1653. In its motion to dismiss, CBC argued that plaintiff Cherena's complaint failed to meet the requisite jurisdictional amount. In requesting that this court vacate its decision, CBC alleges that the court overlooked the fact that Mr. Cherena did not demonstrate that he met the jurisdictional amount. In its opinion and order, the court did not overlook this fact. On the contrary, it considered the issue and held that said jurisdictional amount was indeed met.

 Motions to amend or alter judgments filed under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. Ins. Corp. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir.1992)); *see Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir. 1997); *Rodriguez–Antuna v. Chase Manhattan Bank Corp.,* 871 F.2d 1, 2 (1st Cir.1989) ("It is settled in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly legal result is brought under Fed. R.Civ.P.59(e).").

 The amendment, alteration or vacation of a judgment is a matter addressed to the court's discretion. *Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 389–90 (D.P.R.1981). Since motions to alter or amend judgments are not vehicles for rearguing issues already decided by the court, this court's decision denying CBC's motion to dismiss will not be altered. *International Longshoremen's Ass'n v. Virginia Int'l Terminals. Inc.,* 932 F.Supp. 761, 762 (E.D.Va. 1996).

**2.** CBC's Opposition to Motion for Summary Judgment and Motion for Preliminary Injunction

Order. (Docket No. 27, at 15.)

## B. *Validity of the Non-competition Clause*

The same reasoning applies to CBC's request that the court alter its decision in terms of the nullity of the non-competition covenant. After the preliminary hearing was held, the court considered the issue of the validity of the non-competition covenant included in the "Inventions and Non-disclosure Agreement" and held that the agreement failed to meet two of the requirements under *Arthur Young & Co. v. Vega,* 94 J.T.S. 75 (1994). This court has decided that the covenant was void because it failed to limit the geographic scope of the prohibition and because Mr. Cherena was not offered adequate consideration.

In support of its motion to alter or amend the judgment with regard to the geographic scope of the restrictive covenant and the alleged consideration given to Mr. Cherena, CBC rehashes the argument in its "Opposition to Motion for Summary Judgment and Motion for Preliminary Injunction Order." (Docket No. 27.) To the extent that the Rule 59(e) motion merely reasserts legal arguments previously made by Coors in its opposition to Mr. Cherena's motion for summary judgment, there is no reason to alter or vacate the judgment regarding the finding of nullity of the covenant. *National Metal Finishing Co. v. Barclaysamerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990); *Frito-Lay of Puerto Rico. Inc. v. Canas,* 92 F.R.D. at 389–90.

■ From the testimony presented during the preliminary hearing and the evidence in the record, this court interpreted that in light of *Arthur Young's* criteria, the covenant not-to-compete was invalid for the two reasons mentioned above. CBC disagrees with the court's interpretation of the law. However, mere disagreement is not an appropriate ground for a Rule 59(e) motion. *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993); *Frito-Lay of Puerto Rico. Inc. v. Canas,* 92 F.R.D. at 390 (citing *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977)). Since CBC's arguments do not "clearly establish a manifest error of law," this court will not amend or alter its judgment regarding the nullity of the non-competition clause. *Jorge Rivera Surillo & Co. v. Falconer Glass In-*

*dus., Inc.,* 37 F.3d at 29 (citing *F.D.I.C. Ins. Corp. v. World University, Inc.,* 978 F.2d at 16).

## C. *Validity of the Non-disclosure Provision*

In civil action No.98–1703, CBC alleged that Mr. Cherena breached the covenant-not-to-compete by accepting employment with Anheuser–Busch. CBC's request for injunctive relief regarding Mr. Cherena's alleged breach of contract is obviously dependent upon the validity of the covenant. Since this court has found that the covenant-not-to-compete was null and void, CBC's claim regarding its breach must be dismissed.

■ However, in civil action No.98–1703, CBC was also seeking the enforcement of the confidentiality provisions which were also contained in the "Inventions and Non-disclosure Agreement." In its complaint, CBC alleged that Cherena had also violated the confidentiality agreement and requested the issuance of preliminary and permanent injunctions directing Mr. Cherena not to disclose to anyone confidential information belonging to CBC as stipulated in the Agreement.

In the opinion and order dated August 7, 1998, after finding that the covenant not-to-compete was null and void, this court ordered the Clerk to enter judgment declaring null and void the entire "Inventions and Non-disclosure Agreement." CBC argues that the court held that the entire Agreement was null and void without explaining why other clauses contained in the Agreement, including the confidentiality clause, were also invalid. CBC also argues that the validity of the confidentiality clause was never at issue at the preliminary injunction hearing.

In its motion to alter or amend judgments, CBC argued that even assuming *arguendo* that the covenant-not-to-compete was held invalid, the non-disclosure clause of the Agreement should remain in force due to a severability clause. I agree. Consequently, this court is now amending its opinion and order in order to clarify that it is only declaring null and void the clause containing the non-competition covenant. As CBC has pointed out, the Agreement contains a sever-

ability clause which permits the confidentiality provisions of the contract to remain in effect even though the clause containing the covenant not-to-compete has been held invalid. Thus, although the non-competition clause is null and void, the rest of the provisions contained in the Agreement, including the non-disclosure provisions, are valid and enforceable.

The contract indicates that CBC may obtain a written reaffirmation of Mr. Cherena's obligations under the Agreement, specifically that the obligations of confidentiality under the contract would be respected and maintained by him. CBC argues that Mr. Cherena has never contested the validity of the confidentiality clause contained in the Agreement. In fact, Anheuser–Busch has provided written reassurance to CBC reaffirming that Mr. Cherena's obligations of confidentiality will be respected and maintained.[3] In addition, Mr. Cherena's counsel indicated at the preliminary hearing that Mr. Cherena was willing to give any written reassurances regarding the confidentiality agreement that CBC may want.[4] It is thus evident, that Mr. Cherena agrees that the non-disclosure provisions of the Agreement are binding upon him and enforceable by CBC.

CBC's request for reconsideration of the judgment entered in civil case No. 98–1703 to include injunctive relief concerning the confidentiality provisions is denied.

For the above mentioned reasons, the Clerk is to amend the judgment of Civil No. 98–1703(HL) and enter declaratory judgment that except for the clause containing the covenant-not-to-compete, the remaining provisions of the "Inventions and Non-disclosure Agreement," including the confidentiality provisions, are valid and enforceable. All other relief sought is denied. In addition, the Clerk is directed to amend the judgment in Civil No.98–1653 to declare that the non-competition clause contained in the "Inven-

tions and Non-disclosure Agreement" is null and void.

SO ORDERED.

---

3. Letter dated May 26, 1998, from Anheuser–Busch to CBC. Motion for Summary Judgment, Defendant's Statement of Uncontested Facts, Fact No. 8, Exhibit B, Civil No.98–1653. (Docket No. 10.) See transcript of Arturo Cherena's testi-

mony at the preliminary injunction hearing, July 31, 1998, at 20–21.

4. Transcript of preliminary hearing, at 125.