**Evelyn Rivera VELEZ, Plaintiff,**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, Defendant.**

No. 98–1688.

United States District Court, D. Puerto Rico.

Sept. 28, 2001.

---

Godwin Aldarondo–Girald, San Juan, for dft represented by Aldarondo–Girald.

Alicia M. Arana–Rivera, Rio Piedras, for pla represented by Arana–Rivera.

Luis F. Colon–Conde, Fiddler, Gonzalez & Rodriguez, San Juan, for dft represented by Colon–Conde.

Laura Maldonado–Rodriguez, San Juan, for dft represented by Maldonado–Rodriguez.

## ORDER

DOMINGUEZ, District Judge.

Plaintiff has filed this civil rights action against PREPA alleging age and gender discrimination, and retaliation claim for attempting to assert federally protected rights, under the Age Discrimination in the Employment Act of 1967, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e–5(c), and the Equal Pay Act, 29 U.S.C. § 206. Additionally, state claims were brought under the Commonwealth of Puerto Rico's anti-discrimination statute, Law 100 of June 30, 1959, 29 P.R. LAWS ANN. § 146, and Article 1802 of the Civil Code, 31 P.R. LAWS ANN. §§ 5141 et seq.

Plaintiff filed a Motion for Partial Summary Judgment (Docket # 45, supplemented by Docket # 50, and opposed by Defendant through Docket # 53) which was referred to the Honorable Magistrate Judge Gustavo A. Gelpi for a Report and Recommendation (Docket # 75). Subsequent to Plaintiff's Motion for Summary Judgment and the Defendant's Opposition thereto, the Defendant filed a Motion to Dismiss (Docket # 63) which was also referred to Magistrate Judge Gelpi for a Report and Recommendation (Docket # 75). The Magistrate has rendered two separate R & R's: Docket # 80 is the product of the Plaintiff's Motion, and Docket # 81 is related to the Defendant's Motion.

Through the Plaintiff's Motion's R & R, it was recommended that this Court deny the Motion for Partial Summary Judgment filed by Plaintiffs. The R & R noted that Plaintiff had failed to comply with the requirements of Local Rule 311.12, in that less than half of the ninety-six (96) facts enumerated in the "Statement of Uncontested Facts" contained specific references to the record, and that of those forty-three that did, some were incomplete or erroneous. The R & R explained that "[i]n view that Plaintiff did not fully comply with the requirements of Local Rule 311.12, the Court will outline the relevant facts of the case in the light most favorable to her, based solely on those facts that contain references to the record." R & R Docket # 80, p. 3. After analyzing these facts, the R & R concluded that the "facts enumerated in [Plaintiff's] cryptic and disorganized 311.12 statement are not sufficient to survive her burden of proving that Defendant PREPA discriminated against her on the basis of sex or age." Id., at 8.

The Plaintiff opposed the Docket # 80 R & R (Docket # 84). While generally disagreeing with the R & R's impression of her 311.12 statement, the thrust of the opposition centered upon Local Rule 311 .12's provision that a movant's statement of material facts will be deemed admitted unless disputed through a similar statement of material facts to be submitted by the non-moving party. Plaintiff argues that since the Defendant never filed a statement of material facts contradicting that of the Plaintiff's, then references to the record or not, Plaintiff's facts as listed are deemed admitted. Plaintiff noted the Magistrate did not take this into consideration. In addition to all of Plaintiff's material facts hence having been admitted, Plaintiff argues there is sufficient evidence on the record supporting both her age and

sex discrimination claims, and her retaliation claim, to warrant a favorable ruling on partial summary judgment.

■ The standard of review, as aptly discussed in *Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1 (1st Cir.1999), is such that "the district court is directed, upon the filing of a timely objection, to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id. Id.*, at 5.

We turn now to a *de novo* review of the portions of the Magistrate's Report specifically objected to. The standard for summary judgment has been revisited by the First Circuit Court of Appeals on several occasions. *Serapion v. Martinez*, 119 F.3d 982, 986 (1st Cir.1997) (*citing McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995) collecting cases). A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c).

To defeat a motion for summary judgment, the resisting party must show the existence of "a trial worthy issue as to some material facts." *Cortes–Irizarry v. Corporacion Insular*, 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if the same "potentially affect[s] the suit's determination." *Garside v. Osco Drug Inc.*, 895 F.2d 46, 48 (1st Cir.1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting

summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry, supra,* at 187.

Defendant, of course, must not only show that there is "no genuine issue of material facts," but also, that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997). Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment," *Cortes–Irizarry, supra,* at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood...." *Greenburg v. Puerto Rico Maritime Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." *Vega–Rodriguez, supra,* at 178.

However, before turning to the substantive law which would otherwise be at issue, the Court takes note of a Local Rule specifically referred to by Magistrate Gelpí. Local Rule 311.12 states in its pertinent part:

Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record.

*Id.*

As our First Circuit once started off in an opinion emanating from this Court, we

start off here with their words: "This case is a lesson in summary judgment practice." *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001). The Court agrees 100% with Magistrate Gelpí's opinion of the Plaintiff's purported short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried. This "statement" is anything but short, and nowhere near concise. More importantly, it is simply a mess.

> As might be expected, the various motion papers, memoranda, exhibits, affidavits, and depositions of parties, witnesses, and experts [are voluminous]. In such a case, the filing of a motion for summary judgment signals a formidable search for a genuine issue of material fact. If this is not to impose the daunting burden of seeking a needle in a haystack, the court needs help from counsel. Almost two decades ago, we confessed our increasing "frustration [with] the more and more typical phenomenon ... of a district court having to decide a motion for summary judgment without the assistance the court should expect from counsel." *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 927 (1st Cir.1983). We encouraged district courts to adopt "antiferreting" rules, which warn parties opposing summary judgment that, to preclude judgment as a matter of law, they must identify factual issues buttressed by record citations. "[O]nce so warned," we added, "a party's failure to comply would, where appropriate, be grounds for judgment against that party."

*Id.*

■ "Local Rule 311.12 prevents 'the recurrent problem of ferreting through the record' and 'the specter of district judges being unfairly sandbagged by unadvertised factual issues.'" *Dominguez v. Eli Lilly and Company*, 958 F.Supp. 721, 727 (D.P.R.1997), *quoting Stepanischen, supra*, at 931. As is evident from the Report and Recommendation, Magistrate Judge Gelpí was indeed sandbagged.

The anti-ferret rule serves one crucial purpose. It lays out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions. It requires both the moving party and the non-moving party to properly support their respective lists of material facts with specific references to the Record. Without specific references to the Record, the list of uncontested and contested facts does not serve its purpose. The Court would have to continue to ferret through the Record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material facts. *Stepanischen* warns parties, however, that the failure to make specific references to the Record "would, where appropriate, be grounds for judgment against the party."

*Id.*

■ In simple terms, "parties ignore [it] at their own peril." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000) (citing prior cases).

The *Dominguez* Court was faced with a similar task which Plaintiffs at bar had Magistrate Gelpí do and now ask the Court to redo. "Attached to Plaintiffs' motion ... is a twentyfive page list of contested facts filled with speculation, generalities, conclusory assertions, improbable inferences, and, for lack of a better phrase, a lot of 'hot air.'" *Dominguez, supra* at 728. More specifically:

> Plaintiffs fail in every sense of the word to substantiate their contested facts with proper and specific references to the

Record. There are contested facts which do not refer to any exhibit at all.... There are contested facts which refer to exhibits but leave out the specific location of the evidentiary support within the exhibit.... There are contested facts which refer to exhibits that do not support the alleged contentions.... Furthermore, there are contested facts which speculate as to Defendants' intentions and actions without any evidentiary support whatsoever.... Finally, there are contested facts that discuss issues that are entirely irrelevant to the question of whether there was... discrimination.

*Id.*

The *Morales* situation was also similar (even more so because it was a decision emanating from this Court). "Two thirds of the items listed in plaintiff's designation of uncontested facts are either completely unsupported by citations to the record, or else only reference an entire deposition or statement without page citations." *Id.*, at 34.

■ Once again, at bar, the R & R noted that Plaintiff had failed to comply with the requirements of Local Rule 311.12, in that less than half of the ninety-six (96) facts enumerated in the "Statement of Uncontested Facts" contained specific references to the record, and that of those forty-three that did, some were incomplete or erroneous. The Magistrate was extremely generous in spending his time sifting through the record on his own in an effort to decipher whether any issues merited summary disposition, and based his decision on the results of his independent hunt. This Court learned its lesson in *Morales* when we were also "generous" by accepting unsupported facts on a summary judgment record. As the First Circuit reprimanded this Court for being too

generous, we advise the Magistrate that he was too generous.

As the district court generously observed, although plaintiff did not fully comply with Local Rule 311.12, that deficiency was 'not at all outcome determinative in the instant case.' In this circumstance, we would not be inclined to give such hitherto unreferenced testimony dispositive effect on appeal. Forgiving plaintiff's noncompliance with the local rule would undercut our efforts over the years to enlist counsel as aides to the court.

*Id.*, at 35. This Court will not make that error again, and neither will, we expect, the Plaintiff. For the reason noted above, rather than the Magistrate's reasoning, the Court **DENIES** the motion (Docket # 45), **WITH PREJUDICE**, for failure to comply with Local Rule 311.12. *Stepanischen, supra.*

■ Before concluding, however, it bears noting that the intended effect of this Order not be solely felt by the Plaintiffs. Magistrate Gelpí noted in a footnote, and we agree, that "Defendant's 311.12 statement is also bereft of similar infirmities: erroneous references to the record, no references at all, conclusory allegations, and / or statements of fact with multiple general references to the record containing no guidance...." R & R, p. 3, n. 1. "Bombast and bluster, wholly detached from verified facts of record, cannot serve to blunt the force of a movant's [**properly supported and referenced**] statement of undisputed facts." *Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 44 (1st Cir.2001) (emphasis ours). If Plaintiff had complied with 311.12, their Motion might have been granted for the same reason it herein is denied; only this time because of Defendant's possible failure to

comply with the Rule.[1]

▮▮ We now move to the Magistrate's second Report & Recommendation (Docket # 81), regarding Defendant's Motion to Dismiss (Docket # 63). Local Rule 510.2(A) mandates that any objections to the Magistrate's R & R must be filed within ten (10) days after being served. Pursuant to this rule, "[a]bsent objection by the [affected party], the District Court had a right to assume [the affected party] agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Defendant originally brought up two primary issues in their Motion to Dismiss: (1) insufficiency of process; and (2) a 12(b)(6) motion for failure to comply with exhaustion requirements. The Magistrate in his R & R (Docket # 81) recommended the first issue be denied as it fails as a matter of law, and the second issue be denied without prejudice because it should be brought as a 12(b)(1) motion (and under related legal argument). Not only has the Defendant not submitted objections to the R & R, but on August 27, 2001, Defendant complied with the Magistrate's R & R in submitting a Motion to Dismiss under FED.R.CIV.P. 12(b)(1), thereby further leading this Court to believe Defendant agrees with the R & R. The Motion to Dismiss (Docket # 63) is therefore **DENIED.**

The Court accepts in whole the findings and recommendations of Magistrate Gelpi in these matters.

### Plaintiff's Motion to Compel Production of Documents and for Sanctions.

On May 31, 2000, Plaintiffs moved to Compel Production of Documents and for Sanctions (Docket # 25). On November 6, 2000, the Court denied Plaintiff's request for sanctions, and noted the request for production of documents would be discussed at a November 21, 2000, Status Conference (Docket # 61). Insomuch as any matter was left unresolved at that conference, in view of the Court's decision today on Defendants Partial Motion for Summary Judgment, the Motion to Compel Production of Documents is **DENIED.** Plaintiffs may resubmit a new Motion to Compel if warranted with respect to the remaining claims only.

IT IS SO·ORDERED.

---

1. "There may be a very good reason why Plaintiff overlooked the anti-ferret rule." *Dominguez, supra*, at 729. If both the Plaintiff and Defendant were in compliance, the Court would still have agreed with the conclusion of the Magistrate's R & R. First, the Court agrees with the Magistrate that the record on its face is insufficient to overcome Plaintiff's burden in establishing a *prima facie* case of retaliation, discrimination or alleged violations of due process under the summary judgment standard. *See: Dominguez–Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424 (1st Cir. 2000); *Rodriguez v. Smithkline Beecham*, 224 F.3d 1, 5–6 (1st Cir.2000). Second, if indeed the Defendant survives 311.12 deficiencies, then the Court's opinion would have been that the Plaintiff's facts were contested. Third, the Court agrees with the Magistrate that the reasoning behind the issuance of two separate Right to Sue letters in this case is a matter of intent not subject to summary judgment disposition left for the ultimate factfinder (". . . no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood. . . .") *Greenburg, supra*, at 936. Finally, the Court agrees with the Magistrate that the questions of due process violation are not ripe, in this case, for summary judgment.