**Pedro COSME–ROSADO,**
**et al, Plaintiffs,**

v.

**Alfredo SERRANO–RODRIGUEZ,**
**et al, Defendants.**

**Civil No. 98–1491(JAG).**

United States District Court,
D. Puerto Rico.

June 12, 2002.

Antonio Bauza–Torres, Hato Rey, PR, for Plaintiffs.

Jo–Ann Estades–Boyer, Commonwealth Department of Justice, Federal Litigation Division, Jose A. Diaz–Espinosa, Otero & Lopez, LLP, Eduardo A. Vera–Ramirez, Landron & Vera LLP, San Juan, PR, El-frick Mendez–Morales, Hato Rey, PR, Isabel Garces–Castro, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs have filed a motion seeking reconsideration of the Court's March 26, 2002 Opinion and Order (Docket No. 56) granting defendants' motion for summary judgment. For the reasons set forth below, the Court denies plaintiffs' motion.

### A. *Standard for Motions for Reconsideration*

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994)(*citing F.D.I. Corp. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)); *Cherena v. Coors Brewing Co.*, 20 F.Supp.2d 282, 286 (D.P.R.1998); *National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Co.*, 899 F.2d 119, 123 (1st Cir.1990); *see also Agola v. Hagner*, 678 F.Supp. 988, 991 (E.D.N.Y.1987); *Waye v. First Citizen's National Bank*, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed); *Davis v. Lukhard*, 106 F.R.D. 317 (E.D.Va.1984) (a motion for reconsideration cannot be used by a party "to reargue matters already argued and disposed of and to put forward additional arguments which it could have made but neglected to make before judgment").

### B. *Discussion*

Plaintiffs' motion does not present newly discovered evidence or contend that there has been an intervening change in the law. Rather, the motion simply brings a point of disagreement between plaintiffs and the Court. Plaintiffs' disagree with the Court's ruling that they did not comply with the District Court's anti-ferret rule when they filed a Statement of Contested Facts without making specific references to the record. (Docket 58 at 1). This does not entitle them, however, to revisit the issues decided in the summary judgment motion. The Court will, however, briefly address plaintiffs' "disagreement" with the Court.

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir. 1995); *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. v. Canadian Pac. Ltd.,* 133 F.3d 103, 106 (1st Cir.1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.'" *Súarez v. Pueblo International, Inc.,* 229 F.3d 49, 53 (1st Cir.2000) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. (*See, e.g., Corrada Betances v. Sea–Land Service, Inc.,* 248 F.3d 40, 43–44 (1st Cir.2001); *Morales v. Orssleff's EFTE,* 246 F.3d 32, 33–35 (1st Cir.2001); *Ruiz Rivera v. Riley,* 209 F.3d 24, 27–28 (1st Cir.2000)). This rule, requires, in relevant part, that a party opposing a motion for summary judgment submit, a separate, short concise statement of material facts as to which the nonmoving party contends there is a genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. D.P.R.R. 311.12.

■ It is clearly established in this District that compliance with Local Rule 311.12 is critical, given that the Court will only consider the facts alleged in the aforementioned 311.12 statements when entertaining the nonmovant's arguments. *See Rivera de Torres v. Telefónica de Puerto Rico,* 913 F.Supp. 81 (D.P.R.1995). In the instant case, plaintiffs have failed to comply with the requirements of Local Rule 311.12. A list of facts with no specific references to the record is of no use to the Court. In other words, without specific references to the record the list of uncontested facts is worthless, given that "[t]he Court would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.,* 958 F.Supp. 721, 727 (D.P.R.1997)(citing *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 930–931 (1st Cir.1983)).

■ "In simple terms, 'parties [who] ignore [Rule 311.12, do so] at their own peril'". *Vélez v. Puerto Rico Electric Power Authority,* 170 F.Supp.2d 158, 162 (D.P.R.2001)(citing *Ruiz Rivera v. Riley,* 209 F.3d at 28). A cursory look at the record reveals that plaintiffs in the present case have blatantly ignored the mandates of Local Rule 311.12. The motion in opposition of defendants' motion for summary judgment submitted by plaintiffs (Docket No. 40) contains a defective 311.12 statement of contested facts. Out of the twelve (12) statements of facts allegedly in controversy, only two contain a general reference to the record.

**98**

## C. *Conclusion*

Given that the opposition filed by plaintiffs (Docket No. 40) suffer from this infirmity, i.e., failure to comply with the requirements of the anti-ferret rule in this district, plaintiffs motion for reconsideration, alleging that they complied with the anti-ferret rule is hereby **DENIED.** Plaintiffs are forewarned that the Court expects strict compliance with the local rules, and particularly with Local Rule 311.12. If the Court were to grant plaintiffs' motion for reconsideration, it would be frustrating the entire purpose of the anti-ferret rule, by having to search through the record and pinpoint those facts that would support plaintiffs' arguments. This the Court will not do. The least the Court should expect from counsel admitted in this forum is strict compliance with the local Rules of Court.

IT IS SO ORDERED.