DISTRIBUIDORA VICENS
VIVES, S.A., Plaintiff,

v.

BORIKEN LIBROS, INC., Defendant.

Civil No. 01–1375 (JAG).

United States District Court,
D. Puerto Rico.

June 28, 2002.

David Rive–Power, Edna E. Perez–Roman, O'Neill & Borges, Felicita Jomp–Vazquez, San Juan, PR, for Plaintiff.

Pedro F. Soler–Muniz, Jose R. Ortiz–Velez Buchanan Office Center, Guaynabo, PR, for Defendant.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

Pending before the Court are defendants' objections to the Report and Recommendation issued by Magistrate Judge J. Antonio Castellanos on April 24, 2002. (Docket No. 43). The Magistrate Judge recommended that the Court grant plaintiff Distribuidora Vicens Vives, S.A.'s ("Distribuidora") partial summary judgment, hold an evidentiary hearing to determine the amount of money in controversy, and deny defendant Boriken Libros, Inc.'s ("Boriken") motion to dismiss for failure to state a claim upon which relief can be granted. (Docket No. 46). For the foregoing reasons, the Court rejects the Magistrate Judge's Report and Recommendation and grants defendant Boriken Libros, Inc.'s motion to dismiss.

## FACTUAL BACKGROUND

On March 29, 2001, Distribuidora filed an Amended Complaint against Boriken for collection of monies. (Docket No. 2). Distribuidora avers that Boriken owes it $200,100.17 for the sale of books to the Department of Education of the Commonwealth of Puerto Rico ("Department of Education") in 2000. (Docket No. 2 at 3).

In support of its claim, Distribuidora submitted a contract dated March 1994, and subsequently renewed in 1996, between *Ediciones* Vicens Vives ("Ediciones") and Vicens Vives *Primaria* ("Primaria") granting Distribuidora the distribution rights of Vicens Vives's edu-cational materials in Puerto Rico. (Docket No.3 at Exhibit 2). Distribuidora also proffered a letter granting Boriken exclusivity in the distribution of Ediciones' products in Puerto Rico, pursuant to a request from the Department of Education. (Docket No.3 at Exhibit 3). In addition, Distribuidora submitted a spreadsheet listing the invoices sent to Boriken from 1996 until 2001, most of which were paid. (Docket No. 5 at Exhibit A). To supplement the record, Boriken submitted copies of nine (9) cancelled checks from 1994, 1995, 1996, and 1998. (Docket No. 46 at Exhibit 4). These were made out to either Editorial Vicens Vives or to Vicens Vives. None were made out to Distribuidora.

On May 25, 2001, Boriken filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No.3). Boriken does not contest that monies are owed. Its motion to dismiss is based on the argument that "[t]here is complete lack of identity between plaintiff Distribuidora and the parties with the right to claim." *Id.*

## DISCUSSION

A. Standard of Review:

▮ A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must

---

1. Laura M. Crumley, a third year student at the University of Illinois College of Law, as-sisted in the research and preparation of this opinion.

then make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. See *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992).

**B. Boriken's Objections to the Magistrate's Recommendations:**

First, Boriken objects to the Magistrate Judge's recommendation that the Court deny its motion to dismiss. The Magistrate Judge held that there is a debt of $200,000.17 which Boriken does not contest. (Docket No. 43 at 1). According to the Magistrate Judge, the invoices and bills of lading bearing Distribuidora's name or letterhead, and the list of invoices paid by Boriken indicate that Distribuidora is the proper creditor. (Docket No. 43 at 2). Boriken, however, avers that it does not owe money to Distribuidora because it did not execute a contract with Distribuidora. (Docket No. 43 at 3).

 In this case, the record clearly identifies the parties that executed the original contract. The 1994 contract, renewed in 1996, embodies an agreement between Ediciones, Primaria and Boriken to distribute books in Puerto Rico. "When the terms of a contract, its conditions and exclusions, are clear and specific, and leave no room for ambiguity or for diverse interpretations, they should thus be applied." *Unisys P.R. v. Ramallo Bros. Printing*, 128 D.P.R. 842, 852 (1991), *citing* 31 L.P.R.A. § 3471, [28 P.R. Offic. Trans. 842,

—, 1991 WL 735350 (1991)]. There is no proof of subsequent agreements modifying or altering this contract. Absent evidence to the contrary, no actual agreement can be found to exist between Distribuidora and Boriken. If there is no contract this Court cannot make Boriken pay *any* amount to Distribuidora, based on a breach of contract claim. Hence, it is unnecessary to hold an evidentiary hearing to determine the amount of any moneys owed.

Boriken also objects to the Magistrate's finding that Distribuidora was Ediciones and Primaria's billing company. The Magistrate Judge's finding necessarily implies that there was an agency relationship between Ediciones, Primaria and Distribuidora. Nonetheless, the documents provided by the parties do not indicate that Distribuidora is an agent of Ediciones and Primaria, authorized to bill for their services. *Id.* Inasmuch as the agreement embodied in the documents of record is strictly among Ediciones and Primaria and Boriken, the Court finds that these were the only consenting parties to the agreement and the only ones against whom it can be enforced. It is proper, then, to **GRANT** Boriken's motion to dismiss.

Finally, Boriken objects to the Magistrate Judge's recommendation that the Court grant Distribuidora's motion for summary judgment. On July 26, 2001, Distribuidora filed a motion for summary judgment. (Docket No. 10). Distribuidora, however, has failed to comply with the requirements of Local Rule 311.12. It is clearly established in this District that compliance with Local Rule 311.12 is critical, given that the Court will only consider the facts alleged in the aforementioned 311.12 statements when entertaining the movant's arguments. See *Rivera de Torres v. Telefónica de Puerto Rico*, 913 F.Supp. 81 (D.P.R.1995). A list of facts

with no specific references to the record is of no use to the Court. In other words, without specific references to the record the list of uncontested facts is worthless, given that "[t]he Court would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.*, 958 F.Supp. 721, 727 (D.P.R.1997), *citing Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 930–931 (1st Cir.1983).

■■■ "In simple terms, 'parties [who] ignore [Rule 311.12, do so] at their own peril' ". *Vélez v. Puerto Rico Electric Power Authority*, 170 F.Supp.2d 158, 162 (D.P.R.2001)(citing *Ruiz Rivera v. Riley*, 209 F.3d at 28). A cursory look at the record reveals that Distribuidora in the present case has blatantly ignored the mandates of Local Rule 311.12. The Motion for Summary Judgment submitted by Distribuidora (Docket No. 10) contains a defective 311.12 statement of uncontested facts. Out of the twelve (12) statements of facts allegedly not in controversy, none contains a specific reference to the record. If the Court were to decide the substance of Distribuidora's summary judgment motion, it would be frustrating the entire purpose of the anti-ferret rule, by having to search through the record and pinpoint those facts that would support its arguments. This the Court will not do. The least the Court should expect from counsel admitted in this forum is strict compliance with the local Rules of Court. Accordingly, given that Distribuidora has failed to comply with the requirements of the anti-ferret rule in this district, we **REJECT** the Magistrate Judge's recommendation and **DENY** Distribuidora's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court rejects the Magistrate Judge's Report and Recommendation. Distribuidora's motion for summary judgment is **DENIED.** Boriken's motion to dismiss is **GRANTED.**

IT IS SO ORDERED.