# United States Court of Appeals
## For the First Circuit

No. 99-1398

ANGEL RUIZ RIVERA, ET AL.,
Plaintiffs, Appellants,

v.

RICHARD W. RILEY, SECRETARY, UNITED STATES
DEPARTMENT OF EDUCATION, ET AL.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Roger Juan Maldonado, with whom Balber Pickard Battistoni Maldonado & Van Der Tuin, PC and Frank D. Inserni were on brief, for appellants.
Angel Ruiz Rivera, pro se ipso.
Anthony A. Yang, Attorney, Appellate Staff, Civil Division, United States Department of Justice, with whom David W. Ogden, Acting Assistant Attorney General, Guillermo Gil, United States Attorney, and Barbara C. Biddle, Attorney, Appellate Staff, were on brief, for appellees.

April 12, 2000

**SELYA, Circuit Judge.** The appellants, Angel Ruiz Rivera (Ruiz), Instituto de Educacion Universal (the Institute), and five other individuals who, like Ruiz, are affiliated with the Institute, brought this action against the United States Department of Education (DOE) and various DOE hierarchs (including the Secretary), seeking money damages and other relief pursuant to the doctrine of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n.4 (1st Cir. 1993). To lend perspective, we begin by summarizing certain uncontroversial background facts.

The Institute is a private, not-for-profit, post-secondary educational institution founded by Ruiz and based in Puerto Rico. Historically, its recruitment efforts have depended heavily on the availability of federal student financial assistance programs. In 1994, DOE's Inspector General undertook an audit that led to various determinations adverse to the Institute. As a result of the auditors' preliminary findings, DOE placed the Institute in "reimbursement only"

status (a status that barred the Institute from receiving student aid payments prospectively, as is usually the case). Five months later, DOE levied a substantial fine and announced its intention to terminate the Institute's eligibility for participation in federal student aid programs altogether. In June 1996, DOE issued the final audit report and instituted collection proceedings to recover upwards of $2,600,000 in alleged overcharges, unpaid refunds, and the like.

Asserting that DOE had botched the audit and acted fecklessly, the appellants filed this Bivens action in Puerto Rico's federal district court. Their complaint attributed sundry due process violations to the appellees, implicating the handling of the audit, the denial of eligibility for student financial assistance programs in respect to a newly constructed branch campus, and the "reimbursement only" determination. In time, the appellees moved for summary judgment. In response to that motion, the district court disposed of many facets of the case,[1] but left intact the appellants' Bivens claims. See

---

[1]The court ruled, inter alia, that certain audit-related challenges were not ripe for adjudication because the appellants still were pursuing the administrative review process. See Instituto de Educacion Universal Corp. v. Riley, 973 F. Supp. 95, 98 (D.P.R. 1997). As to other claims, it granted the appellees' prayer for brevis disposition. See id.

Instituto de Educacion Universal Corp. v. Riley, 973 F. Supp. 95, 98 (D.P.R. 1997).

After a considerable interval (during which the administrative review was completed), the appellees moved to amend the judgment nunc pro tunc to include the Bivens claims. Ruiz, then proceeding pro se, opposed the motion and cross-moved to revoke the earlier grant of partial summary judgment, attaching a plethora of papers that he termed "new evidence." The district court reconsidered its earlier ruling but declined to modify it in the manner that Ruiz had requested. See Instituto de Educacion Universal Corp. v. Riley, Civ. No. 96-1893, slip op. at 9-13 (D.P.R. Jan. 21, 1999). The court then proceeded to treat the appellees' nunc pro tunc motion as a renewed request for summary judgment on the Bivens claims, and granted it. See id. at 13-19.

This appeal ensued. For argument purposes, we consolidated it with another appeal (No. 99-1628) involving essentially the same cast of characters. We have elected, however, to decide the two appeals separately. This is the second of the two opinions, and we presume the reader's familiarity with the first.

We have remarked before — and today reaffirm — that when a nisi prius court produces a well-reasoned exposition that

touches all the necessary bases, a reviewing court may do well not to wax longiloquent. See, e.g., Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). This case fits that familiar specification: after careful study of the voluminous record, the parties' briefs, and the arguments presented orally, we find no basis for disturbing the district court's clearly expressed rulings. Accordingly, we affirm the judgment below for substantially the reasons articulated in Judge Fusté's serial opinions. We add only four sets of comments.

**First:** Because the appellants' previous counsel had withdrawn from the case, only Ruiz (a non-lawyer) signed the notice of appeal. The appellees argue that this circumstance deprives us of appellate jurisdiction. This is true as to the individual plaintiffs other then Ruiz. Generally speaking, a notice of appeal that is not signed either by the appealing party or by that party's attorney is a nullity. See, e.g., Talley-Bey v. Knebl, 168 F.3d 884, 885 (6th Cir. 1999); Carter v. Stalder, 60 F.3d 238, 239 (5th Cir. 1995); United States v. Johnson, 43 F.3d 1308, 1310 n.1 (9th Cir. 1995); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986); Covington

-5-

v. _Allsbrook_, 636 F.2d 63, 63-64 (4th Cir. 1980); _Scarrella_ v. _Midwest Fed. Sav. & Loan_, 536 F.2d 1207, 1209 (8th Cir. 1976).

It is a closer question as to whether the notice of appeal signed by Ruiz has force as to the Institute. We have held today, in the companion case alluded to earlier, that it does. _See_ _Instituto de Educacion Universal Corp._ v. _United States Dep't of Educ._, No 99-1628, slip op. at 8 (1st Cir. 2000). Consequently, this appeal is properly before us as to the claims of Ruiz and the Institute.

**Second:** Like the district court, we construe the appellants' so-called "Request to Revoke Summary Judgment" as a motion for reconsideration. The district court, in its own words, "spen[t] numerous hours foraging" through, and "painstakingly cull[ing]," the amplitudinous exhibits that the appellants submitted. After inspecting these submissions, the court adhered to its original decision and concluded that no showing had been made sufficient to warrant a change in direction.

This determination deserves appreciable deference. An appellate court ought not to overturn a trial court's denial of a motion for reconsideration unless a miscarriage of justice is in prospect or the record otherwise reveals a manifest abuse of discretion. _See_ _Aybar_ v. _Crispin-Reyes_, 118 F.3d 10, 13 (1st

-6-

Cir. 1997); In re Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987). The materials on which the appellants rely are, at best, vaguely suggestive; they are "scarcely the kind of overwhelming proof that might make a [refusal to revoke summary judgment] a miscarriage of justice." Minh Tu v. Mutual Life Ins. Co., 136 F.3d 77, 82 (1st Cir. 1998). Thus, they are insufficient to demonstrate that the district court abused its discretion in declining to reopen issues previously laid to rest.

**Third:** The district court granted summary judgment on the Bivens claims because it spied no genuine issue of material fact and believed that the appellees were entitled to judgment as a matter of law. We agree with that determination. Wholly apart from the merits, however, the district court would have been well within its authority to enter judgment based on the appellants' blatant disregard of D.P.R.R. 311.12 (providing in relevant part that a party opposing a motion for summary judgment shall include in her opposition "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record"). The appellants did not make the slightest effort to comply with this requirement. Consequently, they must bear the onus of that neglect.

Rules such as Local Rule 311.12 were developed by the district courts in this circuit in response to this court's concern that, absent such rules, summary judgment practice could too easily become a game of cat-and-mouse, giving rise to the "specter of district court judges being unfairly sandbagged by unadvertised factual issues." Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 931 (1st Cir. 1983). Such rules are a distinct improvement — and parties ignore them at their peril.

In that spirit, we have held that noncompliance with such a rule, as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814, 816 n.2 (1st Cir. 1991); Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st Cir. 1989). We believe that such a disposition would have been wholly appropriate here.[2] Viewed in that light, the appellants' brazen

---

[2]The fact that Ruiz was proceeding pro se at the point the appellees filed the nunc pro tunc motion does not alter this conclusion. We have held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules. See Eagle Eye Fishing Corp. v. United

disregard of Local Rule 311.12 constitutes an independently sufficient ground for affirmance of the judgment below.

**Fourth:** There is one final, decisive point:  to the extent that the appellants' factual proffer might conceivably be thought to support <u>Bivens</u> liability — and we, like the lower court, do not believe that it does — their suit names the wrong defendants.  It is well settled that a <u>Bivens</u> action will not lie against an agency of the federal government.  See <u>FDIC</u> v. <u>Meyer</u>, 510 U.S. 471, 486 (1994).  The same holds true as to federal officials sued in their official capacities.  See <u>Affiliated Prof'l Home Health Care Agency</u> v. <u>Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>Buford</u> v. <u>Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998); <u>Sanchez-Mariani</u> v. <u>Ellingwood</u>, 691 F.2d 592, 596 (1st Cir. 1982).  A <u>Bivens</u> action only may be brought against federal officials in their individual capacities.  Even then, the plaintiff must state a claim for direct rather than vicarious liability; respondeat superior is not a viable theory of <u>Bivens</u> liability.  See <u>Bibeau</u> v. <u>Pacific Northwest Research</u>

---

<u>States Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted)); <u>FDIC</u> v. <u>Anchor Props.</u>, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks omitted)).

Found., 188 F.3d 1105, 1114 (9th Cir. 1998); Buford, 160 F.3d at 1203 n.7; Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997); cf. Aponte Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998) (reaching identical conclusion in suit brought against state actors under 42 U.S.C. § 1983); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989) (same).

To be sure, supervisors sometimes may be held liable for failures in carrying out their supervisory responsibilities. See, e.g., Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999). Be that as it may, supervisory liability exists only where "(1) there is subordinate liability, and (2) the supervisor's action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." Aponte Matos, 135 F.3d at 192. Here, the appellants' claims of malfeasance and misfeasance principally involve two relatively low-level DOE staffers, Náter and Rios — yet neither man is named as a defendant. Assuming arguendo subordinate liability on Náter's and/or Rios's part, the record contains no significantly probative evidence establishing any affirmative link, sufficient to support a finding of culpability, between

-10-

the actions of which the appellants complain and the persons whom they elected to sue.

We need go no further. With these modest augmentations, we uphold the judgment below for substantially the reasons stated at greater length by the lower court in its serial opinions.

**Affirmed**.