[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1473

RICHARD H. DALY; R. G. GRIFFITH; ROBERT A. LAWSON;
RICHARD M. LANGLEY; WILLIAM ANDREW; FRANK H. WILDER;
JOSEPH E. MCNULTY; ENNIS TISDALE; WILLIAM CHIGNOLA;
ROSS OFRIA; ROBERT C. SNOW; D. H. ALESSANDRINI;
E. W. HENDERSON; RUSSELL B. MASON; FRANCIS J. DEMIGLIO;
LOUIS ROSI; ROBERT A. VEDUCCIO; STEVEN CACI;
STANLEY F. JOHNSON; JOHN BIGELOW; PHILLIP L. WARREN;
JEROME ELLNER; BARRY FORSYTHE; LINWOOD CLAY; JOSEPH A.
BILOTTA,

Plaintiffs, Appellants,

v.

RAYTHEON COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Stahl, Circuit Judges.

Thomas R. Mason for appellants.
Brian D. Carlson, with whom Thomas E. Shirley and Choate,
Hall & Stewart, were on brief, for appellee.

**Per curiam**.  On May 1, 1991, plaintiffs-appellants, a group of former employees of defendant-appellee Raytheon Company ("Raytheon"), accepted layoffs pursuant to a voluntary layoff program ("the 1991 Plan").  The 1991 Plan was not covered by the Employer Retirement Income Security Act of 1974 ("ERISA").  In April 1992, Raytheon implemented a second early retirement plan ("the 1992 Plan"), which was an ERISA plan.  The 1992 Plan provided more favorable benefits than the 1991 Plan.

On January 2, 1998, plaintiffs brought a state court action against Raytheon for breach of contract, alleging that Raytheon had induced them to accept the 1991 Plan by representing that the Plan would be the "best benefits package that Raytheon would ever offer its employees" and then not honoring this representation.  Raytheon removed the case to the United States District Court for the District of Massachusetts on the ground that plaintiffs' cause of action was preempted by ERISA, and then moved to dismiss on the same ground.  The district court granted Raytheon's motion, but gave plaintiffs leave to amend their complaint to set forth a claim under ERISA. Plaintiffs did not and do not appeal from this ruling.

-2-

Subsequently, plaintiffs filed an amended complaint alleging that Raytheon's conduct with respect to the 1991 Plan violated ERISA. Although it is not entirely clear, plaintiffs' case theory appears to have been that Raytheon breached the 1991 Plan, in violation of 29 U.S.C. § 1132(a)(1)(B) (permitting suits by an ERISA plan's participants and beneficiaries to recover benefits due, enforce rights, or clarify rights to future benefits under the terms of the plan), by not offering plaintiffs the same benefits offered to employees under the 1992 Plan. Raytheon again moved to dismiss and/or for summary judgment, arguing, <u>inter alia</u>, that plaintiffs' case theory did not fit within the parameters of § 1132(a)(1)(B); that plaintiffs had failed to exhaust their administrative remedies with respect to the only ERISA plan arguably at issue in this litigation; and that plaintiffs filed suit well after expiration of the three-year limitations provision set forth in that same ERISA plan.

On March 2, 200, the district court granted the motion. In doing so, the court set forth its reasoning clearly and succinctly:

> Plaintiffs are unquestionably participants in the 1991 Plan, whether it be an ERISA plan or not. The difficulty with their complaint is that they are not claiming benefits due under that plan; nor are they seeking to enforce any rights under the 1991

-3-

Plan. If they are asserting that because defendant misrepresented the terms of the 1991 Plan, they are entitled to benefits equal to those of the 1992 Plan, they have no claim because the statute does not authorize such a suit. If, on the other hand, plaintiffs contend that, absent defendant's misrepresentations, they would be participants in the 1992 Plan and that they are entitled to the benefits thereof, then they would be bound by all of its terms, including its claims review procedures and three-year limitations provision. It is undisputed that plaintiffs have not followed, let alone exhausted, the claims procedure contained in Article VI of the 1992 Plan. Article VIII of the 1992 Plan requires any suit thereon to be brought within three years after denial of a claim. The record is clear, however, that plaintiffs have known of defendant's refusal to recognize their claim since, at the latest, March 1993, nearly five years before they instituted suit.

On appeal, plaintiffs broadly assert that the court's ruling undermines ERISA's purposes and hint at theories of recovery not fairly presented in the amended complaint. But plaintiffs utterly fail to specify where and how the district court went erred in ruling as it did. That being the case, and because the court was entirely correct in its ruling and reasoning, we affirm for the reasons set forth in the March 2, 2000 memorandum of decision. See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000).

**Affirmed.** Costs to appellee.