**Ruben RODRIGUEZ–CENTENO,
et al., Plaintiffs**

v.

**PUEBLO INTERNATIONAL,
INC., Defendant**

No. 01–1376(JP).

United States District Court,
D. Puerto Rico.

Nov. 1, 2001.

Edwin L. Bello–Rivera, San Juan, PR, for Plaintiff.

Lidia González–Figueroa, Muñoz Boneta González Arbona Benítez & Peral, San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION AND BACK-GROUND

The Court has before it Defendant's unopposed Motion for Summary Judgment (docket No. 14).[1]  Plaintiff Rubén Rodrí-

---

1. Defendant filed its motion for summary judgment on September 18, 2001. According to Local Rule 311.5 all oppositions thereto were due 10 days thereafter. On October 17, 2001, approximately thirty days thereafter, Plaintiffs requested an extension of time to file an opposition. This Court denied Plaintiffs' extension but informed Plaintiffs that they could still submit an opposition but that the Court would be under no obligation to

guez–Centeno ("Rodríguez") filed the above-captioned Complaint on March 30, 2001 alleging that Defendant Pueblo International Inc. ("Pueblo") discriminated against Rodríguez[2] on account of his age, when he was not accommodated in another position, as other allegedly younger employees were, after a reduction in force was implemented in the Company. Rodríguez alleges violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA") and requests that this Court exercise its supplemental jurisdiction to hear and decide claims under Puerto Rico law[3]. Pueblo contends that Rodríguez was not discriminated against, and that this Court should grant summary judgment in its favor because Plaintiff has failed to present a prima facie case under the ADEA and because Plain-

tiff lacks an actionable claim under any local law.

## II. UNCONTESTED FACTS

Based on the record and the parties' contentions, and after having completed discovery in the instant matter, the Court finds the following facts to be undisputed[4]:

1. Co-plaintiff Rubén Rodríguez Centeno ("Rodríguez") is 52 years old.

2. Rodríguez was an employee of Pueblo for twenty-nine (29) years.

3. Pueblo is incorporated under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the city of San Juan.

4. Pueblo is an industry affecting interstate commerce, and presently employs, and also employed during the

utilize it in its determination of Defendant's motion for summary judgment. Plaintiffs have not complied with the Court's deadline for the filing of the opposition, and in fact have not filed any opposition. Accordingly, Defendant's summary judgment motion is unopposed.

2. Rodríguez is joined in this suit by his wife Janet Güembes–Ramos, and his four children Rubén Rodríguez–Parker, Daniel Rodríguez–Güembes, René Rodríguez–Güembes and Ricardo Rodríguez–Güembes. Co–Plaintiffs claim they too suffered damages from Pueblo's allegedly discriminatory conduct against Rodríguez. Puerto Rico law permits certain close relatives to bring suits of this type without requiring a showing of physical injury or economic loss. See 31 P.R. Laws Ann. § 5141 (1997). In the interest of clarity and since all claims arise from the alleged discrimination against Rodríguez, the Court will use the singular "Plaintiff" with the understanding that any judgment of the Court for or against Rodríguez will be considered to be held for or against all Plaintiffs.

3. Additionally, Plaintiffs bring a claim for unjust enrichment pursuant to the Civil Code of Puerto Rico.

4. Local Rule 311.12, requires a party opposing summary judgment to submit "a separate,

short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record." D.P.R. Loc. R. 311.12 (Butterworth, 1994). The First Circuit has held "that noncompliance with such a rule, as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000) (citing *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996); *Rivas v. Federación de Asociaciones Pecuarias*, 929 F.2d 814, 816 n. 2 (1st Cir. 1991); *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17, 19 (1st Cir.1989)).

As stated earlier, Plaintiffs have failed to provide the Court with an opposition to Defendant's motion or in the alternative, a brief statement of contested facts that could prevent the Court from granting summary judgment. For this reason, the Court admits the statement of unconditional facts provided by Defendant, which is substantiated both by individual affidavits and references to the deposition testimony of Co–Plaintiff Rubén Rodríguez–Centeno, and will rule accordingly.

previous two (2) years, over five hundred (500) people.

5. Pueblo has been undergoing changes affecting its infrastructure for the past 12 years.

6. During his tenure at Pueblo, Rodríguez received diverse training.

7. Rodríguez began as a temporary "bagger" for Pueblo.

8. Pueblo offered Rodríguez a part-time position in March of 1971.

9. A month later, Pueblo offered Rodríguez the position of cashier, and two months later Pueblo offered Rodríguez a position as part-time office clerk.

10. Approximately six (6) months after being a part-time office clerk, Rodríguez was offered the same position, but on a full-time basis.

11. During his tenure at Pueblo, Rodríguez continued to advance and held the positions of Front End Manager, Assistant Manager, and Store Manager.

12. On July 18, 1993, Rodríguez was named Director of Retail Pricing. As a benefit of this position, Rodríguez had the opportunity to participate in the Key Management Incentive Compensation Plan ("KMIC"). This incentive plan was only offered to corporate or high-level Pueblo directors, as opposed to store directors. Additionally, Rodríguez was also granted stock options, which he duly executed.

13. As Director of Retail Pricing, Rodríguez supervised the employees who worked in the Pricing Department.

14. In 1996, Rodríguez was relocated to the Grocery Department, where he began training for the duties of Category Manager while still maintaining full responsibility of the Pricing Department. After this training, his duties in the Pricing Department were minimal. However, he retained the title of Director of Retail Pricing and the corresponding salary and benefits.

15. Sometime in 1996, Rodríguez was informed, by the Head of Grocery, that the Pricing Department would eventually be eliminated.

16. In February of 2000, Rodríguez chose to be transferred, along with his subordinates from the Pricing Department, to the Management and Information Systems Department ("MIS"). Rodríguez maintained the title of Pricing Department Director, although his duties as such were minimal. Rodríguez maintained his previous salary after this transfer.

17. Rodríguez was informed that the Pricing Department would be eliminated effective June of 2000.

18. Rodriguez was terminated effective June 1, 2000. At the moment of his termination, Rodríguez was 51–years old.

19. Rodríguez's subordinates were further relocated, but Rodríguez was not.

20. Rodríguez earned gross wages of $74,598.00 in 1999.

21. Rodríguez's subordinates, from the pricing department, varied from 32 to 52 years of age, received salaries between $20,000 and $36,000 per year, and did not hold any supervisory positions.

## III. SUMMARY JUDGMENT STANDARDS IN THE CONTEXT OF ADEA CASES

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the

pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, [in this case the plaintiff,] reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz,* 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Insurance Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

In a summary judgment motion, the movant [in this case Defendant], bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party [in this case Plaintiff] who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material·fact for trial. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman,* 985 F.2d at 1116. In order to survive a motion for summary judgment in the context of an ADEA action, "a plaintiff must establish [that] at least a genuine issue of material fact [exists] on every element in his case in chief." *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir.1993) (quoting *Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir.1991)).

There· are two distinct frameworks for assessing evidence of discrimination which are based on whether the evidence proffered by a plaintiff is direct or of a circumstantial nature. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Direct evidence "consists of statements by a decision-maker that directly reflect the alleged animus and bear squarely on the contested employment decision." *Febres v. Challenger Caribbean Corp.,* 214 F.3d 57, 60, (1st Cir.2000). Such evidence, standing alone can show a discriminatory animus. *See Jackson v. Harvard Univ.,* 900 F.2d 464, 467 (1st Cir.1990). If believed by the fact-finder, direct evidence warrants a burden shift and that a mixed-motives instruction be given to the jury. *Febres,* 214 F.3d at 60–61. In the absence of direct evidence, age discrimination claims are circumstantial in nature, and are reviewed under the burden-shifting *McDonnell Douglas* frame-work. *Suárez v. Pueblo Int'l Inc.,* 229 F.3d 49, 54 (1st Cir.2000); *Greenberg v. Union Camp Corp.,* 48 F.3d 22, 26 (1st Cir.1995). In this case, Plaintiffs have not alleged, and the record does not contain any direct evidence of age discrimination. Therefore, the *McDonnell Douglas* framework guides this Court's inquiry.

When applied in an ADEA context, the *McDonnell Douglas* standard requires that a plaintiff set forth a prima facie case by showing that he (1) is over 40 years of age; (2) met the employer's legitimate job performance expectations; (3) experienced an adverse employment action, and (4) the employer had a continuing need for the same services that he was performing. *Suárez*, 229 F.3d at 53; *Vega*, 3 F.3d at 479; *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1335 (1st Cir. 1988). If a plaintiff sets forth this case, then the burden of production, but not the burden of persuasion, shifts to the defendant employer to articulate a legitimate non-discriminatory justification for the employment decision. *Hazel v. United States Postmaster Gen.*, 7 F.3d 1, 3 (1st Cir. 1993).[5] Once an employer articulates a legitimate non-discriminatory purpose for the employment decision, the presumption of discrimination established by the prima facie case disappears. *See Sánchez Sepúlveda v. Motorola Electrónica De Puerto Rico, Inc.*, 988 F.Supp. 34, 37 (D.Puerto Rico 1997) (Pieras, J.), *aff'd* 187 F.3d 622, 1998 WL 1085790 (1st Cir.1998). At this point, in order to survive a judgment as a matter of law, a plaintiff must prove by a preponderance of the evidence that the employer's stated reason for the employment decision was pretext and that the real reason was age-based animus. *Baralt v. Nationwide Mut. Ins. Co.*, 251 F.3d 10, 16 n. 8 (1st Cir.2001) citing *Suárez*, 229 F.3d at 53; *see also Williams v. Raytheon Co.*, 220 F.3d 16 (1st Cir.2000).[6]

## IV. DISCUSSION

The uncontested facts clearly demonstrate that Rodríguez was over forty years old at the time of his termination. As such, the first and third tests set forth by the Suárez Court have been met. *See Suárez*, 229 F.3d at 53. However, in order to present a prima facie case under the ADEA, this Circuit requires that plaintiffs show, among other things, that they were replaced by individuals who were significantly younger in age. *See Williams*, 220 F.3d at 20. Plaintiff fails to allege in the complaint that Rodríguez was replaced at all, let alone with anyone significantly younger than him. This finding is fatal for Plaintiff's prima facie case, and warrants summary judgment in Defendant's favor. *See Suárez*, 229 F.3d at 53.

Plaintiff alleges and the uncontested facts support that Rodríguez was terminated while other employees from the Pricing Department were retained and transferred. However, this fact still fails to meet the standard for a *prima facie* case of age discrimination. In order to prove that an employer administered disparate treatment, Plaintiff must proffer evidence that others similarly situated, in all material respects, were treated more advantageously by the employer. *See Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 44 (1st Cir.2001) (citing, *Conward v. Cambridge School Committee* 171 F.3d at 19. (Evidence that an employer administered disparate treatment to **similarly situated** employees may be competent proof that the explanation given for the

---

**5.** The burden of persuasion, as opposed to the burden of production, remains with the plaintiff throughout, regardless of whether the evidence presented in an ADEA action is direct or circumstantial. *See Serrano–Cruz v. DFI Puerto Rico Inc.*, 109 F.3d 23, 26 (1st Cir. 1997).

**6.** The United States Supreme Court has stated that "[p]roof that the defendant's explanation is unworthy of credence is ... one form of circumstantial evidence that is probative of intentional discrimination." *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 134, 120 S.Ct. 2097, 2102, 147 L.Ed.2d 105 (2000).

challenged employment action was pre-textual, provided the plaintiff-employee can make a preliminary showing "that others **similarly situated** ... in all relevant respects were treated [more advantageously] by the employer.")) (emphasis added); *See also Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 751 (1st Cir.1996) ("Reasonableness is the touchstone: while the plaintiff's case and the comparison cases that [s]he advances need not be perfect replicas, they must **closely resemble** one another in respect to relevant facts and **circumstances**.") (emphasis added). In Rodríguez's case, the other employees were Rodríguez's **subordinates** and did not hold the same position, perform the same duties or receive similar compensation as Rodríguez. Furthermore, two of the four subordinates were either the same age or older than Rodríguez. The discussion need go no further. Plaintiffs have clearly failed to present a prima facie case of age discrimination under the ADEA.

## V. CONCLUSION

In view of the foregoing discussion, this Court hereby **GRANTS** Defendant's Motion for Summary Judgment. As there is no independent basis for federal jurisdiction over Plaintiff's supplemental state law claims, the Court declines to exercise pendent jurisdiction over any of Plaintiff's claims under Puerto Rico law. *See* 28 U.S.C. § 1367(c)(3) (West 2000). Therefore, the Court hereby **DISMISSES** Plaintiff's pendent claims under Puerto Rico Law **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**