Nilsa SOUCHET, Plaintiff,

v.

**HOSPITAL SAN CRISTOBAL,
et al, Defendant(s).**

**Civil No. 98–1559 (JAG).**

United States District Court,
D. Puerto Rico.

May 29, 2002.

Graham A. Castillo–Pagan, Fort Buchanan, PR, Javier A. Morales–Ramos. San Juan, PR, for plaintiff.

Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Miguel M. Limeres–Frau, Parra, Del Valle, Frau & Limeres, Ponce, PR, Anselmo Irizarry–Irizarry, Matta & Matta, Ponce, PR, Jose H. Vivas, Hector Ramirez–Carbo, Vivas & Vivas, Ponce, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are various Motions for Summary Judgment filed by plaintiff in this case. Specifically, the Court will address the Summary Judgment Motion filed by plaintiff Nilsa Souchet ("Souchet") on February 28, 2001 (Docket No. 21), and the Amended Motion for Summary Judgment filed by Souchet on April 4, 2002 (Docket No. 32).

## SUMMARY JUDGMENT STANDARD

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir. 1995); *Maldonando–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. v. Canadian Pac. Ltd.,* 133 F.3d 103, 106 (1st Cir.1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.' " *Súarez v. Pueblo International, Inc.,* 229 F.3d 49, 53 (1st Cir.2000) (citing *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. (*See, e.g., Corrada Betances v. Sea–Land Service, Inc.,* 248 F.3d 40, 43–44 (1st Cir.2001); *Morales v. A.C. Orssleff's EFTF,* 246 F.3d 32, 33–35 (1st Cir.2001); *Ruiz Rivera v. Riley,* 209 F.3d 24, 27–28 (1st Cir.2000)). This rule, requires, in relevant part, that a party moving for summary judgment submit, in support of the motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12.

It is clearly established in this District that compliance with Local Rule 311.12 is critical, given that the Court will only consider the facts alleged in the aforementioned 311.12 statements when entertaining the movant's arguments. *See Rivera de Torres v. Telefónica de Puerto Rico,* 913 F.Supp. 81 (D.P.R.1995). In the instant case, Souchet has failed to comply with the requirements of Local Rule 311.12. A list of facts with no specific references to the record is of no use to the Court. In other words, without specific references to the record the list of uncontested facts is worthless, given that "[t]he Court would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Dominguez v. Eli Lilly & Co.,* 958 F.Supp. 721, 727 (D.P.R.1997)(cit-

ing *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 930–931 (1st Cir.1983)).

"In simple terms, 'parties [who] ignore [Rule 311.12, do so] at their own peril' ". *Vélez v. Puerto Rico Electric Power Authority,* 170 F.Supp.2d 158, 162 (D.P.R.2001)(citing *Ruiz Rivera v. Riley,* 209 F.3d at 28). A cursory look at the record reveals that Souchet in the present case has blatantly ignored the mandates of Local Rule 311.12. The Motions for Summary Judgment submitted by Souchet (Docket No. 21, 32) contains a defective 311.12 statement of uncontested facts. Out of the Forty-four (45) statements of facts allegedly not in controversy, only one fact contains a general reference to the record.[1]

## CONCLUSION

Given that these summary judgment motions filed by Souchet (**Dockets Nos. 21, 32**) suffer from the same infirmity, i.e., failure to comply with the requirements of the anti-ferret rule in this district, the same are hereby **DENIED.** The parties are forewarned that the Court expects strict compliance with the local rules, and particularly with Local Rule 311.12. If the Court were to decide the substance of Souchet's summary judgment motions, it would be frustrating the entire purpose of the anti-ferret rule, by having to search through the record and pinpoint those facts that would support Souchet's arguments. This the Court will not do. The least the Court should expect from counsel admitted in this forum is strict compliance with the local Rules of Court.

IT IS SO ORDERED.

---

1.  It should be noted that these summary judgment motions are unopposed.