

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2006

# Balter v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Balter v. USA" (2006). *2006 Decisions.* Paper 1579.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1579

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3687
_____

RICHARD BALTER,
Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS;
JAE H. SHIM, Clinical Director, Health Services Unit;
MAXIMO R. VALESCO, Medical Officer, Health Services Unit;
DANIEL O. ROMERO, Medical Officer, Health Services Unit;
ARNOLD T. REYES, Health Services Administrator

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-01944)
District Judge: Honorable Judge James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2006

BEFORE: ROTH, RENDELL and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed:   February 15, 2006)
_____

OPINION
_____

PER CURIAM

Appellant, Richard Balter, appeals from an order entered by the United States

District Court for the Middle District of Pennsylvania dismissing his complaint.  The facts

and procedural history of this case are well known to the parties. It is thus not necessary for us to restate them in great detail here. Balter, a federal prisoner, filed the underlying complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., against the following defendants: the United States of America; the Federal Bureau of Prisons; Jae H. Shim, Clinical Director of the Health Services Unit; Maximo R. Valesco, Medical Officer; Daniel O. Romero, Medical Officer; and Arnold T. Reyes, Health Services Administrator. Balter essentially asserts that the defendants failed to provide him with timely and adequate medical treatment for an eye condition, and that the delayed treatment which he did receive resulted in the loss of vision in his right eye.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order granting defendants' motion to dismiss the complaint and for summary judgment. See Debiec v. Cabot Corp., 352 F.3d 117, 128 n.3 (3d Cir. 2003); Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003). After careful review of the record, we find that dismissal was proper and we will thus affirm the judgment of the District Court.

The District Court properly granted defendants' motion to dismiss with respect to defendant Reyes because Reyes had no direct involvement in Balter's medical treatment. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(citing cases holding that respondeat superior is not a viable theory of Bivens liability); cf. Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) (no respondeat superior liability in § 1983 cases). As for

2

Balter's Eighth Amendment claim against the remaining defendants, summary judgment was appropriate insofar as Balter failed to demonstrate that the defendants were deliberately indifferent to his eye condition. See Estelle v. Gamble, 429 U.S. 97 (1976). In fact, a review of the record shows that Balter was seen on numerous occasions by prison doctors, outside ophthalmologists, and a variety of specialists. As the District Court concluded, Balter's disagreement with the prison doctors regarding the type of treatment he should have been given does not amount to an Eighth Amendment violation. See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990). Summary judgment was thus properly granted with respect to the merits of Balter's Eighth Amendment claim and, we would note, Balter does not take issue with the District Court's disposition of this claim on appeal.

Finally, we agree with the District Court that Balter's FTCA claim was barred by the statute of limitations. Initially, we reject appellant's argument that the District Court committed reversible error in considering defendants' argument regarding the timeliness of his FTCA claim since it was not raised in their initial motion to dismiss the complaint and for summary judgment. As we have noted in the past, affirmative defenses (including the statute of limitations) are not waived if raised at a "pragmatically sufficient time" with no prejudice to the plaintiff. See Eddy v. VI Water & Power Authority, 256 F.3d 204, 209 (3d Cir.2001), citing Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir. 1991). Here, defendants raised the statute of limitations defense in their objections to the Magistrate Judge's first Report and Recommendation, and again on remand from the District Court

3

in their answer and second motion to dismiss and for summary judgment. Balter was afforded an opportunity to meet that defense and to present his arguments to both the Magistrate Judge and the District Court. Given these circumstances, we cannot agree with appellant's contention that the District Court erred in considering the limitations defense.

That having been said, Balter was required to file an administrative claim with the appropriate federal agency within two years after his claim accrued. See 28 U.S.C. § 2401(b). The District Court correctly concluded that Balter knew of both the existence and the probable cause of his injury in August 1997 because, at that time, two eye specialists had allegedly told him that the delay in seeking treatment had adversely affected his prognosis. In his complaint, Balter claimed the delay was caused by the prison medical staff at USP-Lewisburg. Moreover, in his September 26, 2000 administrative complaint Balter listed the "incident date" as August 29, 1997. While Balter argues that the incident was ongoing, we agree with the District Court that the events which occurred subsequent to August 1997 did not allow him to delay in bringing suit until after his treatment was complete. See Tyminski v. United States, 481 F.2d 257 (3d Cir. 1973). Balter thus had until August 1999 to file his administrative tort claim. The claim he filed on September 26, 2000 was clearly untimely.

Accordingly, for the reasons stated, we will affirm the District Court's judgment.