

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2006

# Richards v. Comm PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Richards v. Comm PA" (2006). *2006 Decisions.* Paper 753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-271                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1336
_____

CHARLES RICHARDS,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; LINSEN
MAYER; ALLEGHENY COUNTY JAIL DEPUTY
WARDEN CALVIN LIGHTFOOT; TFO DANIEL
SOROCZAK; TFO JEFF BRAUTIGAM; TROOPER
WALKER; FRANK DREW; TROOPER SEELEY
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01406)
District Judge: Honorable Thomas M. Hardiman
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, CIRCUIT JUDGES

(Filed  July 12, 2006)
_____

OPINION
_____

PER CURIAM

1

Appellant, Charles Richards, appeals the District Court's order granting judgment in favor of defendants and dismissing the complaint he filed pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Upon consideration of the record and appellant's brief, which we will consider as an opposition to the listing of the appeal for possible summary action, we conclude that the appeal presents no substantial issue. Thus, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Richards' claims are set forth in detail in the Magistrate Judge's Report and need not be discussed at length here. Briefly, Richards filed the underlying complaint on May 18, 2004, alleging that defendants committed a host of violations when they arrested him on May 8, 2002, searched his home and his car, and subsequently charged and prosecuted him for possession and possession of a controlled substance with intent to deliver. More specifically, Richards set forth claims alleging the use of excessive force, false arrest and imprisonment, illegal search and seizure, malicious and selective prosecution, imprisonment without reasonable bail, imprisonment without a speedy trial, loss of wages due to imprisonment, and loss of liberty and property without due process of law. The District Court, over Richards' objections and through its adoption of the Magistrate Judge's Report and Recommendation, determined that defendants were entitled to have their motions to dismiss and for summary judgment granted. We agree.

As an initial matter, the Magistrate Judge concluded that Richards' claims of excessive force, false arrest, illegal search and seizure, and selective prosecution were barred by the applicable two year limitations period, and that defendants were entitled to dismissal of those claims based on events that occurred prior to May 18, 2002. To the extent that any of these claims can be said to have accrued on the day of Richards' arrest or when the searches were conducted, we can find no fault with that determination insofar as Richards failed to demonstrate that equitable tolling was warranted. See, e.g., Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005) (equitable tolling is "an extraordinary remedy which should be extended only sparingly," and is unavailable unless the plaintiff exercised due diligence in pursuing his claims). Moreover, Richards is not entitled to relief in any event.

Richards' Fourth Amendment claims stemming from his arrest and the search of his car and residence were nonetheless subject to summary disposition as the Magistrate Judge correctly concluded, despite Richards' arguments to the contrary, that the record evidence sufficiently established the existence of probable cause to support Richards' arrest and the subsequent searches. While, in general, "the question of probable cause in a section 1983 damage suit is an issue for the jury," Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998), a District Court may conclude that probable cause exists as a matter of law, and, hence, grant summary judgment if the evidence, when viewed in the light most favorable to the plaintiff, reasonably would not support a contrary factual

finding.  Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).  Additionally, "it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with ... or whether a person is later acquitted of the crime for which she or he was arrested." Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005)(internal citations and quotations omitted).  See also Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

Richards also failed to satisfy his burden of establishing the discriminatory purpose or effect of the decision to prosecute him.  See United States v. Armstrong, 517 U.S. 456, 465 (1996).  Dismissal of Richards' malicious prosecution claim was likewise warranted in light of the Magistrate Judge's determination that defendants had probable cause to initiate criminal proceedings against appellant, and given the lack of any allegation suggesting that the District Attorney was unable to exercise his independent judgment in deciding whether to prosecute Richards.  See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  Furthermore, the claims against District Attorney Linsenmayer were subject to dismissal under the doctrine of absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Richards' claims against Allegheny County and the Allegheny County Jail fared no better as the Magistrate Judge properly concluded that appellant failed to set forth any factual allegations regarding a policy or custom attributable to either the county or the correctional facility as required by Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).

As noted by the Magistrate Judge, Richards' failure to allege personal involvement

4

on the part of defendant Lightfoot proved fatal to his claims against the deputy warden. See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Appellant's claims against the Commonwealth of Pennsylvania were, of course, subject to dismissal on the basis of Eleventh Amendment immunity. See Regents of the University of California v. Doe, 519 U.S. 425 (1997). Finally, the Magistrate Judge determined that Richards could not successfully maintain a cause of action against the United States Drug Enforcement Agency ("DEA") for a number of reasons, including, inter alia: the fact that his complaint was devoid of factual allegations against the DEA; that vicarious liability is not available in a Bivens action, see, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(citing cases holding that respondeat superior is not a viable theory of Bivens liability); that such an action is barred by sovereign immunity, see F.D.I.C. v. Meyer, 510 U.S. 47 (1994); and, because administrative tort remedies were not exhausted as required by 28 U.S.C. § 2675(a).

Having carefully reviewed the record on appeal, we agree with the District Court's conclusion that defendants were entitled to have the claims against them dismissed and to have judgment entered in their favor. Because there is little, if anything, we can add to the analysis set forth in the Magistrate Judge's Report and Recommendation, which was adopted as the opinion of the District Court, we will summarily affirm the District Court's order of dismissal as no substantial question is presented on appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. We will further deny appellant's motion for appointment of

5

counsel.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).