

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Dancy v. Collier

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Dancy v. Collier" (2008). *2008 Decisions.* Paper 1564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-131                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4329
_____

LARRY DANCY,

Appellant

v.

MR. COLLIER; MR. DIVERSE; MR. SNYDER;
MR. NOON; MR. TRGOVAC; MR. WILLISON;
MR. SMITH; MR. MATTHEWS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-02301)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges.

Filed: February 20, 2008
_____

OPINION
_____

PER CURIAM

Larry Dancy, a federal prisoner, brought suit against prison officials and employees relating to an assault he suffered at the hands of another inmate. He claimed that after he filed a race discrimination claim with the Justice Department against some Defendants, other Defendants leaked confidential information from his case. He contended that in response to hearing the leaked information, another inmate stabbed him. He also alleged that Defendants denied him medical treatment for the stab wound and hindered his attempts to grieve his complaints. As the parties are familiar with the facts, we will refer to other details only as they become relevant.

Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. Dancy filed a motion for appointment of counsel, then he submitted a response to Defendants' motion. The District Court denied Dancy's counsel motion without prejudice to its renewal in the event that any of his claims went to trial. Then, the District Court treated Defendants' motion as a motion for summary judgment and granted it.[1] Dancy appeals and moves for appointment of counsel.

We will summarily affirm the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. Because we conclude that Dancy's

---

[1] The District Court properly concluded that Dancy, who had captioned his response a response to a "motion for summary judgment," had notice of the nature of Defendants' motion from its title.

2

appeal is not meritorious, we deny his motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

The District Court did not abuse its discretion in denying Dancy's motion for appointment of counsel. The District Court identified the appropriate considerations and did not err in concluding that it was not necessary to appoint counsel. See Tabron, 6 F.3d at 155-58.

The District Court properly granted summary judgment in favor of Defendants on Dancy's claim that Defendants did not provide him with appropriate and timely medical care for his stab wound because Dancy failed to exhaust his administrative remedies for this claim. A prisoner who challenges prison conditions must exhaust available administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e; Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006); Booth v. Churner, 532 U.S. 731, 739 (2001). However, although Dancy has sought relief through administrative remedies 35 times in prison, he did not follow the procedures set forth at 28 C.F.R. § 542 et seq. to raise his claim of a lack of medical care following his stabbing. Dancy contended that Defendant Synder's referral of an appeal of a decision denying a different grievance to the Bureau of Prisons ("BOP") Regional Office interfered with his ability to seek administrative relief for his medical care claim, but we do not agree. The referral of an

unrelated appeal to the Regional Office[2] could not have affected the available remedy for his medical care claim.

Furthermore, the District Court properly granted summary judgment in favor of five Defendants (Marie Trgovac, Timothy Noone, James Collier, Troy Williamson, and Joseph Smith)[3] for lack of personal involvement. Dancy makes no claims against Defendants Trgovac, Noone, and Collier in his complaint; he merely mentions that he filed his Justice Department complaint against them. In response to their declarations denying involvement in the other acts Dancy alleged, Dancy did not otherwise implicate them. As for Defendants Williamson and Smith, Dancy explicitly sought to impose liability on them on a respondent-superior theory, which cannot be done in this Bivens[4] action. See, e.g., Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing cases).

The District Court also properly granted the remaining Defendants' (Richard Divers's and Todd Matthews's) request for summary judgment on the basis of qualified immunity. Qualified immunity shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or

_____

[2]As the District Court explained, the referral was reasonable under the circumstances.

[3]Here and elsewhere, we substitute correct spellings for the spellings in the caption.

[4]Dancy proceeds under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the federal counterpart to § 1983 claims against state actors. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).

4

constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The inquiry into the applicability of qualified immunity is twofold: (1) whether the plaintiff demonstrated the deprivation of a constitutional right, and (2) whether that right was established at the time of the alleged deprivation. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). As the District Court concluded, Dancy did not show the deprivation of a constitutional right.

Dancy claimed that Defendant Matthews provided Divers with information from an affidavit he submitted in the investigation of his race discrimination claim. He alleged that Divers then retaliated for the filing of the claim by revealing to an inmate named Haynes that Dancy had mentioned his name and caused him to be transferred to an undesirable prison program. Dancy contended that he was stabbed by another inmate (who remains unnamed) as a result.

Defendants presented evidence that Matthews was the only officer involved in the investigation and that he did not reveal the contents of Dancy's affidavit to Divers or others. Divers averred that he did not even know about the investigation until months after the stabbing occurred. Dancy did not respond with evidence to put Defendants' declarations in controversy. As the District Court noted, Dancy did not even explain the

basis for his belief that Matthews leaked information to Divers or that Divers passed along information to Haynes.[5]

In sum, the District Court properly denied Dancy's motion for appointment of counsel and granted Defendants' motion for summary judgment. Accordingly, we affirm the District Court's judgment. Also, we deny Dancy's motion for appointment of counsel.

---

[5]Also, the internal investigation of the stabbing paints a very a different story of the cause of the altercation that led to the stabbing, namely that Dancy instigated a fight with another inmate.